1  **KELLEY DRYE & WARREN LLP**
     Michael J. O'Connor (State Bar No. 090017)
2    Sarah L. Cronin (State Bar No. 252624)
     Eric W. May (State Bar No. 264733)
3  10100 Santa Monica Boulevard
   23rd Floor
4  Los Angeles, CA 90067-4008
   Telephone:  (310) 712-6100
5  Facsimile:   (310) 712-6199
   moconnor@kelleydrye.com
6  scronin@kelleydrye.com
   emay@kelleydrye.com
7
   Attorneys for Interpleader Plaintiff
8  New Line Productions, Inc.

9  **UNITED STATES DISTRICT COURT**

10 **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| NEW LINE PRODUCTIONS, INC., a California Corporation | Case No. 2:15-cv-5788 |
| | **COMPLAINT FOR:** |
| Interpleader Plaintiff, | **1. INTERPLEADER AND**<br>**2. INJUNCTIVE RELIEF** |
| v. | |
| TONY DEROSA-GRUND, an individual; EVERGREEN MEDIA HOLDINGS, LLC, a Texas Limited Liability Company; EVERGREEN MEDIA GROUP, LLC, a Texas Limited Liability Company; SILVERBIRD MEDIA GROUP, LLC, a Delaware Limited Liability Company; PHIL GORDON, an individual; and PSG POKER, LLC, a Nevada Limited Liability Company | |
| Interpleader Defendants. | |

LA01\BECKAN\698377.8

COMPLAINT

**INTRODUCTION**

Pursuant to Rule 22 of the Federal Rules of Civil Procedure, New Line Productions, Inc. ("New Line") brings this interpleader action to obtain an adjudication of the respective rights of multiple claimants to a certain fund of money, referred to herein as the Sequel Payment (defined below), which will be owed by New Line in connection with its production of the motion picture project currently entitled "The Conjuring 2."

The first set of claimants includes Tony DeRosa-Grund ("DeRosa-Grund"), Evergreen Media Holdings, LLC ("EMH"), Evergreen Media Group, LLC ("EMG"), and Silverbird Media Group, LLC ("Silverbird") (EMH, EMG, and Silverbird are collectively referred to as the "Loanout Companies" and, collectively with DeRosa-Grund, "Company"), who claim they are entitled to the Sequel Payment under the terms of an Option Quitclaim Agreement entered into between New Line and Company on November 11, 2009, as amended on October 9, 2010 ("OQA"). A true and correct copy of the OQA is attached hereto as Exhibit A.

The second set of claimants includes Phil Gordon ("Gordon") and PSG Poker, LLC ("PSG Poker") (Company, Gordon and PSG Poker are collectively referred to as the "Interpleader Defendants"), who claim they are entitled to the Sequel Payment under a Notice of Levy under a Writ of Execution (Money Judgment) ("Notice of Levy") that was served on New Line. A true and correct copy of the Notice of Levy is attached hereto as Exhibit B.

In addition, New Line was awarded $169,775.62 on February 5, 2015 in a binding JAMS Arbitration between New Line and Company, in which New Line was declared the prevailing party. The Final Award in the JAMS Arbitration is currently being appealed through JAMS and, upon conclusion of that appeal, New Line will seek to amend its complaint to request a declaration that it is entitled to recover the sum of $169,775.62 against the Sequel Payment.

/ / /

1    New Line is prepared to place in the Court Registry, or otherwise turnover,
2    upon order of the Court, the entire Sequel Payment. New Line faces competing
3    claims, or potentially competing demands, by the Interpleader Defendants, and
4    cannot determine, without hazard to itself, how to proceed.

5    New Line also seeks to enjoin the Interpleader Defendants from commencing
6    or maintaining any other action or proceeding in any State or United States Court
7    with respect to New Line's payment of the Sequel Payment.

## THE PARTIES

1.  Interpleader Plaintiff New Line Productions, Inc. is, and at all relevant times has been, a corporation existing under the laws of the State of California, with its principal place of business at 4000 Warner Boulevard, Burbank, CA 91522.

2.  Upon information and belief, Interpleader Defendant Tony DeRosa-Grund is, and at all relevant times has been, an individual residing in Magnolia, Texas.

3.  Upon information and belief, Interpleader Defendant Evergreen Media Holdings, LLC is, and at all relevant times has been, a limited liability company under the laws of the State of Texas, with its principal place of business in Magnolia, Texas.

4.  Upon information and belief, Interpleader Defendant Evergreen Media Group, LLC is, and at all relevant times has been, a limited liability company under the laws of the State of Texas, with its principal place of business in Magnolia, Texas.

5.  Upon information and belief, Interpleader Defendant Silverbird Media Group, LLC is, and at all relevant times has been, a limited liability company under the laws of the State of Delaware, with its principal place of business in Magnolia, Texas.

6.  Upon information and belief, Interpleader Defendant Phil Gordon is, and at all relevant times has been, an individual residing in Henderson, Nevada.

7. Upon information and belief, Interpleader Defendant PSG Poker, LLC is, and at all relevant times has been, a limited liability company under the laws of the State of Nevada, with its principal place of business in Las Vegas, Nevada.

## JURISDICTION AND VENUE

8. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) because there is diversity of citizenship between New Line and each Defendant. At issue are specific funds in excess of $75,000.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because all or a substantial part of the events giving rise to the claims asserted herein occurred in this judicial district.

## RELEVANT FACTUAL BACKGROUND

### *The Sequel Payment*

10. On November 11, 2009, New Line, on the one hand, and Company,[1] on the other hand, entered into the OQA, pursuant to which Company sold "all right, title and interest" in a project referred to as "The Conjuring" to New Line. Pursuant to the OQA, New Line produced the theatrical motion picture entitled *The Conjuring*, which was released by New Line in July 2013.

11. The OQA contains a provision governing the payment for theatrical sequels and remakes, which provides in relevant part that:

> Company shall be entitled to the following additional payments . . . [i]f an English language feature-length live-action theatrical sequel [is produced] . . . **a sum equal to 100% of the Purchase Price** . . . payable 50% within 10 days of the commencement of principal photography of each such sequel . . . and 50% within 10 days following the completion of principal photography of each such sequel . . . .

(Ex. A § 5(b) (emphasis added).)

/ / /

---

[1] The OQA defines "Company" to include DeRosa-Grund, EMG, EMH, and Silverbird collectively and without further delineation.

1   12. New Line will shortly be commencing principal photography on "The
2   Conjuring 2," an English language feature-length live-action theatrical sequel to *The*
3   *Conjuring* (the "Sequel"), with a current anticipated start date of September 22,
4   2015.

5   13. The "Purchase Price" for *The Conjuring* was $750,000. Accordingly,
6   the payment that will be owed under Paragraph 5(b) of the OQA for the Sequel is
7   $750,000 (the "Sequel Payment").

8   14. The OQA does not specify that any portion or percentage of the Sequel
9   Payment is payable to DeRosa-Grund versus the Loanout Companies. Instead, the
10  OQA states that the entire Sequel Payment shall be made to "Company," with
11  "Company" defined under the OQA to include DeRosa-Grund, EMG, EMH, and
12  Silverbird collectively and without further delineation. (Ex. A, p. 11.)

13  15. Accordingly, pursuant to the OQA, New Line will owe Company 50%
14  of "a sum equal to 100% of the Purchase Price . . . within 10 days of the
15  commencement of principal photography[.]" In addition, within ten days following
16  the completion of principal photography of the Sequel, New Line will owe
17  Company the remaining 50% (collectively, the Sequel Payment).

### The New York Lawsuit And Notice Of Levy

19  16. On February 14, 2006, PSG Poker and Gordon filed a complaint in the
20  United States District Court for the Southern District of New York, Case No. 06 CV
21  1104 (DLC), naming DeRosa-Grund as a defendant, among others, and alleging
22  breach of contract and fraudulent misrepresentation (the "New York Lawsuit").

23  17. On September 24, 2008, a final judgment was issued against DeRosa-
24  Grund in the New York Lawsuit in the amount of $649,040.32.

25  18. On October 29, 2014, New Line was served with the Notice of Levy in
26  the action styled *PSG Poker, LLC, et al. v. Tony DeRosa-Grund, et al.*, Case Nos.
27  / / /
28  / / /

2:14-cv-08082-GHK & 2:14-MC-00707-UA in the Central District of California (the "California Lawsuit").[2]

19. The Writ of Execution was issued by the Court in the California Lawsuit to enforce the Judgment in the New York Lawsuit in favor of Gordon and PSG Poker, and against DeRosa-Grund, in the amount of $687,376.43.[3]

20. The Notice of Levy states that New Line is a "Third Party owing money to or holding property of the Judgment Debtor, Tony DeRosa-Grund" and describes the property to be levied upon as "any and all property of the Judgment Debtor, Tony DeRosa-Grund which you are currently holding and any and all moneys, stock or property owed to the Judgment Debtor, Tony DeRosa-Grund now and in the future." (Ex. B, p. 61.)

21. The Notice of Levy further states that the sum of $687,441.43 is necessary to satisfy Gordon and PSG Poker's judgment, plus daily interest in the amount of $31.35.[4] (Ex. B., p. 61.)

22. The Notice of Levy instructs New Line as follows:

> If you do not deny an obligation levied upon or do not claim a priority over the judgment creditor's lien, you must pay to the levying officer the amount that is due and payable and that becomes due and payable during the period of the execution lien, which lasts two years from the date of issuance of the writ of execution.

(Ex. B, p. 62.)

/ / /

/ / /

/ / /

---

[2] The California Lawsuit was originally assigned Case No. 2:14-MC-707 and was reassigned Case No. 2:14-cv-08082-GHK. The California Lawsuit was terminated on March 10, 2015.

[3] This amount reflects the original judgment $649,040.32, plus $69,249.03 in accrued costs and accrued interest, and minus a credit of $30,912.92 for payments and partial satisfaction.

[4] The $687,441.43 amount constitutes the amounts set forth in Note 3, *supra*, plus a $65 levy fee.

### *The New Line / Company Arbitration*

23. As a result of Company's breaches of the OQA related to the motion picture entitled *The Conjuring* that was released in July 2013, among other things, New Line commenced a JAMS arbitration in June 2013 against the Company (the "JAMS Arbitration").

24. Retired Judge Terry Friedman issued his Final Award in the JAMS Arbitration on February 5, 2015, in which he declared New Line the prevailing party in the arbitration and determined, among other things, that: (1) New Line was entitled to monetary damages in the amount of $107,511, plus $4,117.56 in prejudgment interest; and (2) New Line was entitled to an award of $58,147.06 in costs.

25. On February 18, 2015, Company appealed the Final Award, pursuant to the JAMS Optional Arbitration Appeal Procedures (the "JAMS Appeal").

26. As of the date of filing this Complaint, the JAMS Appeal is pending.

### *Conflicting Demands To The Sequel Payment*

27. New Line is in possession of the sum of $750,000, representing the Sequel Payment.

28. The Company, on the one hand, and PSG Poker and Gordon, on the other hand, have each made conflicting demands upon New Line to the Sequel Payment.

29. On one hand, New Line cannot pay the Sequel Payment to Company without potentially violating the Notice of Levy, thereby risking a claim, including litigation, from Gordon and/or PSG Poker.

30. On the other hand, New Line cannot pay the Sequel Payment to the levying officer under the Notice of Levy without potentially violating the OQA, thereby risking a claim, including litigation, from DeRosa-Grund and/or the Loanout Companies.

///

31. New Line is ready and willing to deliver the Sequel Payment to the person(s), entity, or entities that are legally entitled to receive them and brings this action to have that matter legally determined.

32. New Line is indifferent to which of the Interpleader Defendants it should pay the Sequel Payment.

33. The demands made by the Interpleader Defendants are adverse and conflicting and are made without collusion. New Line is unable to resolve the conflicting demands and is therefore unable to determine to whom the Sequel Payment should rightfully be delivered.

34. Moreover, unless restrained by an order of the court, New Line is concerned that the Interpleader Defendants will file actions against New Line on their respective claims to the Sequel Payment. Therefore, it is necessary to restrain the filing of such actions in order to prevent a multiplicity of judicial proceedings and to prevent New Line from facing vexatious litigation with respect to the Sequel Payment. New Line has incurred costs and reasonable attorneys' fees relating to this action and may continue to incur fees and costs until the matter is adjudicated with finality as to New Line's obligations.

## FIRST CAUSE OF ACTION

**(Interpleader against DeRosa-Grund, EMG, EMH, Silverbird, Gordon, and PSG Poker)**

35. New Line incorporates by reference the allegations contained in Paragraphs 1 through 34, as though set forth fully herein.

36. New Line holds in its possession the Sequel Payment in the amount of $750,000 to which multiple or conflicting claims have been made, to which additional claims potentially will be made, and which may expose New Line to double or multiple liability.

37. There are multiple, conflicting, and adverse claims being made to the Sequel Payment.

LA01\BECKAN\698377.8                      7
                                    COMPLAINT

1  38.  Gordon and PSG Poker, pursuant to the Notice of Levy, assert that they are entitled to any moneys owed to DeRosa-Grund, which includes at least $687,441.43, plus daily interest in the amount of $31.35, and could include up to the entire amount of the Sequel Payment.  Were New Line to pay the levying officer pursuant to the Notice of Levy, New Line would risk a claim by DeRosa-Grund, EMG, EMH, and/or Silverbird for failure to pay the Sequel Payment in breach of the OQA.

39.  DeRosa-Grund and the Loanout Companies have asserted and may assert additional claims that they are entitled to the Sequel Payment.  Were New Line to pay DeRosa-Grund, EMH, EMG, and/or Silverbird the Sequel Payment, New Line would risk a claim by Gordon and/or PSG Poker that New Line violated the Notice of Levy.

40.  New Line cannot determine the validity of the foregoing adverse and competing claims.  As a result of these claims, New Line has a real and reasonable fear of multiple liability if it delivers the Sequel Payment to any of the Interpleader Defendants, and it is unable to take action with respect to the Sequel Payment without the possibility of being subject to multiple claims and thereby multiple liability.

41.  New Line is free from blame in causing the controversy between the Interpleader Defendants with respect to the Sequel Payment.

42.  Accordingly, New Line respectfully requests the Court order PSG Poker, Gordon, DeRosa-Grund, EMH, EMG, and Silverbird to interplead their conflicting claims, in order to determine those claims as between them and New Line.  Additionally, New Line respectfully requests the Court order New Line to deposit the Sequel Payment into the Court Registry.

/ / /

/ / /

/ / /

## SECOND CAUSE OF ACTION

**(Injunctive Relief against DeRosa-Grund, EMG, EMH, Silverbird, Gordon, and PSG Poker)**

43. New Line incorporates by reference the allegations contained in Paragraphs 1 through 42, as though set forth fully herein.

44. The Interpleader Defendants should be required to assert their respective claims to the Sequel Payment in this action and to litigate their claims herein.

45. New Line has no other means of protecting itself from the vexation of duplicative claims.

46. New Line respectfully requests that the Court issue an injunction against the Interpleader Defendants enjoining them from instituting or prosecuting any proceeding in any State or United States Court against New Line, arising from or relating to New Line's payment of the Sequel Payment, including but not limited to New Line's obligations under the Notice of Levy, and requiring the Interpleader Defendants to make any claim they might have with regard thereto in this action.

47. The Court has the power to issue such an injunction pursuant to the Court's inherent equitable powers and, alternatively, pursuant to 28 U.S.C. § 1651.

48. Unless the Interpleader Defendants are preliminarily and permanently enjoined, New Line will be irreparably harmed by conflicting and inconsistent decisions or rulings concerning the rightful disposition of the Sequel Payment.

## PRAYER FOR RELIEF

WHEREFORE, New Line prays for judgment as follows:

### ON THE FIRST CAUSE OF ACTION

1. That the Court order the Interpleader Defendants to interplead their respective claims with regard to the Sequel Payment;

2. That the Court issue an order determining to whom the Sequel Payment belongs;

3. That the Court restrain and permanently enjoin the Interpleader Defendants from commencing or maintaining any other action or proceeding in any State or United States Court with respect to New Line's payment of the Sequel Payment;

4. That the Court order and direct New Line to deposit the Sequel Payment into the Court; and

5. That upon payment of the Sequel Payment into the Court, that New Line be discharged and released from liability to the extent allowed by law.

**ON THE SECOND CAUSE OF ACTION**

6. That the Court restrain and permanently enjoin the Interpleader Defendants from commencing or maintaining any other action or proceeding in any State or United States Court with respect to New Line's payment of the Sequel Payment.

**ON ALL CAUSES OF ACTION**

7. That the Court grant New Line its costs and attorneys' fees; and

8. That the Court grant such other and further relief as it deems appropriate.

DATED: July 30. 2015

KELLEY DRYE & WARREN LLP
Michael J. O'Connor
Sarah L. Cronin
Eric W. May

By:   /s/ Michael J. O'Connor
      Michael J. O'Connor
      Attorneys for Plaintiff
      New Line Productions, Inc.